UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, FORT LAUDERDALE DIVISION

MY PI, LLC                                                                CASE NO:

        Plaintiff,

vs.

MY PIE INTERNATIONAL, INC.

        Defendant.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

My Pi, LLC, Plaintiff in the above styled cause, for its Complaint for Declaratory Judgment against Defendant My Pie International, Inc. alleges as follows:

### THE PARTIES

1. My Pi, LLC ("My Pi") is a Florida Limited Liability Company in good standing having a principle place of business at 3984 W. Hillsboro Blvd., Deerfield Beach, FL 33442.

2. My Pie International, Inc. ("MPI") is, upon information and belief, an Illinois based corporation having a principle place of business at 2010 N Damen Avenue, Chicago, IL 60647.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this suit, because it arises under federal law, namely, 15 U.S.C. §1051 *et seq* (Lanham Act), 28 U.S.C. §1331 (federal question), 28 U.S.C. §1338 (designs, copyrights, trademarks and unfair competition) and 28 U.S.C. §2201 (Declaratory Judgment Act).  MPI has created a real and reasonable apprehension of alleged liability on the part of Plaintiff.  See Exhibit A.

4. Venue is proper under 28 U.S.C. §1391 because MPI's website explicitly claims to

CASE NO:

serve clients in Florida, including multiple customers in Broward County, alleges that it purposely directs advertising toward Florida, alleges that it conducts business in Florida, and alleges that MPI's business activities are "especially concentrated" in Florida. MPI thus affirmatively represents publicly and privately that it extensively and purposefully avails itself of the privilege of conducting business in Florida. See Exhibits A and Exhibit B.

## FACTUAL BACKGROUND

5. MPI is the owner of U.S. Trademark Registration No. 1,003,505, registered on January 28, 1975 for the stylized words "MY Π" as shown here:



(hereinafter the "MPI Mark")  See Exhibit C.

6. During prosecution of the trademark application, the Trademark Office initially requested a disclaimer the Greek letter Π because it is phonetically equivalent to the word "pie." See Exhibit C, page 97.

7. On July 26, 1974, MPI requested reconsideration of the disclaimer request and affirmatively argued and represented to the Trademark Office that despite the phonetic similarity, the MPI Mark, and specifically the Greek letter "Π," was *not* confusingly similar to the word "pi" or the word "pie," and stating that the mark "is so inherently distinctive that it distinguishes [MPI's] goods and services from all those of a similar nature."  MPI elaborated by explaining that the Greek letter Π is "known to anyone who has studied elementary mathematics," and is distinct from and not similar to the words "pi" and "pie" which both mean "to spill or throw (type or type matter) into disorder." See Exhibit C, pages 103-105.

CASE NO:

8. As a direct result of MPI's arguments and representations, the Trademark Office determined that the Greek letter "Π" was not similar to the words "pi" or "pie," withdrew the disclaimer request, and allowed MPI to register the MPI Mark.

9. MPI also argued that the Greek letter Π of the MPI Mark, as well as the Roman alphabet words "pi" and "pie" are not descriptive of its goods or services because the MPI Mark "is used for restaurant and carry-out services of a general nature, rather than being limited to a particular specialty, such as assorted pies."

10. On or about June 13, 2013, My Pi began operating restaurants specializing in pizza under the distinctive trademark:



(hereinafter "the My Pi Mark").

11. On September 3, 2013, My Pi filed U.S. Trademark Application Serial No. 86/054,548 for the My Pi Mark, for goods and services described as "restaurant services featuring pizza."  See Exhibit D.

12. On December 16, 2013, the Trademark Office determined that the My Pi Mark was distinctive and not likely to be confused with any registered trademark, stating "[t]he trademark examining attorney has searched the Office's database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d). TMEP §704.02; *see* 15 U.S.C. §1052(d)."  See Exhibit D, page 33.

13. On March 27, 2014, MPI's attorney contacted the undersigned, alleging that the My Pi Mark was "conceptually and phonetically identical" to MPI's Mark.  See Exhibit E.

14. Subsequent to the March 27, 2014 letter, the attorneys for My Pi and MPI corresponded by email and telephone in an attempt to resolve this matter. My Pi consented to MPI's filing of Extensions of Time to file an Opposition in the hopes of reaching an amicable settlement.

15. Despite good faith attempts by My Pi's attorneys, MPI sent a demand letter on October 10, 2014, alleging liability for trademark infringement, thereby creating an actual, present and justiciable controversy between My Pi and MPI. See Exhibit A.

16. The Plaintiff has retained the undersigned counsel to represent it in this matter and is obligated to pay said counsel a reasonable fee for such representation.

**COUNT I - Declaratory Judgment of Non-Infringement Under  28 U.S.C. §2201 and 15 U.S.C.  §1051 *et seq.***

17. My Pi hereby incorporates by reference the allegations of paragraphs 1 – 16 above.

18. This is an action for Declaratory Judgment of Non-Infringement based upon claims of infringement asserted by the Defendant MPI.

19. By asserting claims of trademark infringement against Plaintiff My Pi in a letter dated October 10, 2014, Defendant MPI placed My Pi in the position of having to choose between abandoning its rights in the My Pi Mark and risking opposition and litigation, thus creating an actual, present and justiciable controversy between the parties. See Exhibit A.

20. MPI obtained its Federal Registration for the MPI Mark based in part upon MPI's assertions that its use of the Greek letter "Π" is not likely to be confused with the Roman alphabet words "pi" and "pie." MPI is therefore estopped from now asserting that use of the word "pi" in the My Pi Mark is likely to be confused with the Greek letter "Π" used in MPI's Mark.

CASE NO:

21. The Greek letter "Π" is the dominant feature of the MPI Mark.

22. The differences in sight and meaning of this dominant feature, the Greek letter Π, and the word "pi" outweigh their phonetic similarities.  MPI is equitably estopped from arguing otherwise.

23. The word "MY" is ubiquitous and, according to the search performed by the examining attorney reviewing My Pi's trademark application, has been used in over 50,000 trademarks.  See Exhibit D, page 65.  As such, the word "MY," including its use in MPI's Mark, is *extremely* weak and entitled to little or no protection.

24. For all of the reasons set forth above, confusion is not likely between MPI's Mark consisting of a stylized "MY Π" and My Pi's Mark consisting of a stylized "my pi" plus design elements.

25. MPI obtained its Federal Registration for the MPI Mark based in part upon MPI's assertions that its goods and services are distinct from the restaurants "limited to a particular specialty, such as assorted pies." MPI is therefore estopped from now asserting that My Pi's goods and services, specifically those of a restaurant limited to the specialty of pizzas, is likely to be confused with MPI's goods and services.

26. MPI's services are distinct from and not likely to be confused with those of My Pi's.  MPI is equitably estopped from arguing otherwise.

27. The Patent and Trademark Office has determined that no existing registrations, of which MPI's Mark is one, are likely to be confused with My Pi's Mark.

28. For all of these reasons, confusion is not likely between MPI's Mark and My Pi's Mark.

29. MPI has knowingly asserted claims against My Pi that directly contradict the

CASE NO:

representations MPI made to the Trademark Office in order to obtain its Federal Registration. As a result, this case is exceptional for purposes of Plaintiff's recovery of attorney's fees and costs pursuant to 15 U.S.C. §1117.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

30. That this Court adjudge, decree and declare that Plaintiff's use of the trademark applied for in Trademark Application Serial No. 86/054,548 and any similar trademarks do not infringe any valid trademark owned by MPI;

31. That this Court declare that this is an exceptional case and enter judgment in favor of Plaintiff for its costs and reasonable attorneys' fees to the extent permitted by law pursuant to 15 U.S.C. §1117; and

32. That Plaintiff be awarded such further relief as this Court may deem proper and just.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, My Pi, LLC hereby demands a Trial by Jury.

Respectfully Submitted,

s/EWS
Erica W. Stump, Esq.
Erica W. Stump, P.A.
110 E. Broward Blvd., Suite 1700
Fort Lauderdale, FL 33301
FL Bar No.0427632
Email: erica@ericawstump.com
Ph: (954) 828-2334
Fax: (954) 278-8510
ATTORNEY FOR PLAINTIFF